IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBERT R. HOLMES,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.: _3:21-cv-934 |
| | § | |
| MOTOR HOME SPECIALIST,<br>    *Defendant.* | §<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW Defendant Motor Home Specialist, ("**Defendant**" or "**MHS**"), and pursuant to 28 U.S.C. § 1332, 1441(a), and 1446(a), removes this case from the 249th Judicial District Court of Johnson County to the United States District Court for the Northern District of Texas, Dallas Division. In support of this removal, Defendant respectfully offers this Court the following:

### I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.** This lawsuit arises from Plaintiff Wilbert R. Homes ("**Plaintiff**" or "**Holmes**") theft of a used motorhome from MHS. *See* **Exhibit B** (Pl's Orig. Pet.) at ¶3. Despite the fact that Holmes stole the motorhome from MHS, he nonetheless filed this lawsuit in the 249th Judicial District Court of Johnson County, Texas on March 25, 2021. *Id.* at p. 1. In his petition, Holmes asserts claims against MHS for bodily injury, lemon law, and intentional infliction of emotion distress. *Id.* MHS was purportedly served on March 31, 2021. *See* **Exhibit C** (Return of Service). MHS now timely files this Notice of Removal within 30

days after service and receipt of Holmes' petition. Additionally, this case is being removed within one year of commencement of the action as required under 28 U.S.C. § 1445(c)(1).

## II.
## GROUNDS FOR REMOVAL

2. Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

### A. *Amount in Controversy Exceeds $75,000.00*

3. The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, because according to Holmes' Original Petition, he seeks "$50,000.00 compensatory damages and $100,000.00 punitive damages[.]" *See* **Exhibit B** at p. 2; *see also, e.g., Wilbanks v. N. Am. Coal Corp.*, 334 F.Supp. 2d 921, 924 (S.D. Miss. 2004) ("an explicit proclamation generally controls the amount in controversy question, as plaintiffs are regarded as masters of their own complaint and are presumed to proceed in good faith."). Thus, Holmes seeks no less than $150,000.

### B. *Complete Diversity of Citizenship.*

4. There is also complete diversity of citizenship between Holmes and MHS. At the time the lawsuit was filed and at the time of removal, Holmes is/was a citizen of Nevada. At the time the lawsuit was filed and at the time of removal, MHS is/was a limited liability company, and none of MHS' members are citizens of Nevada. *See* **Exhibit B** at ¶¶ 1–2.

## IV.
## VENUE IS PROPER

5. Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the Johnson County Judicial District Court is within the district and division of the United States District Court of the Northern District of Texas, Dallas Division. *See* 28 U.S.C. §124(a)(1).

## V.
## DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

6. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal, and include the following:

- **Exhibit A:** Docket sheet from State court;
- **Exhibit B:** Plaintiff's Original Petition
- **Exhibit C:** Return of Service; and
- **Exhibit D:** MHS's Original Answer and Counterclaim[1]

7. Upon filing this Notice of Removal, MHS will also file its Certificate of Interested Persons, as required under Local Rules 3.1, 3.1, and 81.1 and Federal Rule of Civil Procedure 7.01.

---

[1] On April 22, 2021, MHS filed an Answer in the State court proceeding. *See* **Exhibit D**; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

**8.** Upon filing of this Notice of Removal, MHS will promptly provide written notice to Holmes and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

**9.** In the event this Court subsequently identifies a defect in this Notice of Removal, MHS respectfully requests this Court to grant MHS leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

**10.** By filing this Notice of Removal, MHS does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

**11.** This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VI.
### CONCLUSION

WHEREFORE, Defendant Motor Home Specialist represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 249th Judicial District Court of Johnson County to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN, P.L.L.C.**
One Barton Skyway
1501 S. Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By:   */s/ Ryan C. Bueche*
Ryan C. Bueche
State Bar No. 24064970
rbueche@germer-austin.com
Austin L. Jones
State Bar No. 24116579
ajones@germer-austin.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on April 23, 2021:

Wilbert R. Holmes
3890 S. Nellis Blvd, Lot 56
Las Vegas, Nevada 89121
(702) 281-5752
wholmes@aol.com
*Pro Se Plaintiff*

*/s/ Ryan C. Bueche*
Austin L. Jones